## In re BROWN'S CHILDREN.

First Division. Juneau. January 25, 1926.

No. 2576–A.

**1. Parent and Child ⟨key⟩2(2)—Death of Mother after Divorce.**
The wife of petitioner obtained a divorce from him, and the custody of their two children; thereafter she died, and her mother was appointed guardian by the commissioner at Haines, without any notice to the father. On petition by the father to regain control and custody of his children, *held*, the father is a fit and proper person, and the death of the mother, who was appointed guardian in the divorce decree, so changed the status of the parties that the court is warranted in revising the original decree. It is the welfare of the children which is to be considered; ordered that care and custody be awarded to the father.

**2. Courts ⟨key⟩475(15)—Divorce—Jurisdiction to Protect Children.**
The wife procured a divorce from her husband and the father of their two children. The decree of divorce specially retained jurisdiction to modify the decree to protect the rights of the children. On the death of the mother the commissioner's court at Haines appointed a guardian for the children. On petition of the father to recover the custody and care of the children, *held*, any action of the commissioner's court, tending to divest the district court of its jurisdiction over the children, is void, and could not in any way prevent the court from awarding the custody of the children to a proper person.

Bruce Brown, the father of the minor children of himself and Anna Brown, petitions that he be awarded their care and custody. He alleges that on May 17, 1917, he and Anna Meyer were married, and from thence until February 15, 1923, were husband and wife; that the two children named (Richard Bruce Brown, aged six years, and June Roberta Brown, aged seven. years) were born of said marriage; that on July 13, 1925, a decree of divorce was entered in this court, dissolving the bonds of matrimony between himself and Anna Meyer Brown at the instance of the said Anna Brown, by which she was awarded the custody of the two children aforesaid; that the said Anna Brown, his former wife, died at Haines, Alaska, on December 12, 1925, leaving the aforesaid children surviving, and that, after the interment of his late wife, petitioner sought the custody, care, and control of his said children, but was

denied the same by Mrs. Freda Meyer, the mother of his former wife and grandmother of said children, who wrongfully denied him the custody, care, and control of his said children; that the said Mrs. Freda Meyer is ill, and not a proper person to have the care and custody of his said children; that, subsequent to the death of his said former wife, the said Mrs. Freda Meyer brought proceedings in the United States commissioner's court at Haines, Alaska, petitioning to be appointed the legal guardian of said children and thereafter an order was issued in the said probate court, appointing her as guardian of the said children and authorizing her to have the care and custody thereof; that petitioner as father and nearest relative of his children had no notice thereof.

On the filing of the petition of Bruce Brown on January 8, 1926, an order was issued out of this court directing that Freda Meyer show cause on January 23, 1926, why the prayer of the petitioner should not be granted, and it was further ordered that, pending the hearing in the matter, the said children be placed in the care of a suitable person designated by the court.

On the day set for the hearing, the parties herein appeared and submitted evidence as to the allegations of the petition. On the part of the petitioner, a number of witnesses were introduced whose testimony was to the effect that the petitioner was a fit and proper person to have the care, custody, and control of his children, and that he was financially able to support them and afford them the advantages necessary for growing children, There was some testimony that, while the children were with their grandmother, they were not properly cared for when she was ill, and that she is not physically fit to undertake the burden of their care by reason of her advanced age.

On the part of the respondents there were submitted copies of the petition and order of the commissioner and probate judge, appointing Mrs. Freda Meyer guardian of the children, and some testimony to the effect that the father, Bruce Brown, had neglected his wife and children before and after the divorce proceedings. Most of this testimony was hearsay, or conclusions from hearsay, and cannot be considered in this proceeding.

James Wickersham, of Juneau, for petitioner.
Freda Meyer, in pro. per.

REED, District Judge.  By the decree in the divorce proceedings between Anna Brown and Bruce Brown (cause No. 2487–A) in this court, the court, in awarding the custody of the children to the mother, Anna Meyer Brown, especially retained jurisdiction to amend the award on proper showing.  This retention of jurisdiction is authorized by section 1305 of the Compiled Laws of Alaska of 1913, which provides for modification of a decree as to custody of children, as well as to other matters, on motion filed in the original action.

I am of the opinion that the better procedure would have been to set up the matters alleged in the petition in the original action, instead of bringing an original petition, which is in the nature of a collateral proceeding to the original action.

However I will consider the petition and the facts alleged therein as if it were filed in that action.  The proceedings in the commissioner's and probate court of Haines precinct would, at first glance, tend to complicate the situation; but, as this court had retained jurisdiction over the custody of the children, any action to divest this court of that jurisdiction over the children would, in my opinion, be void, and could not in any way divest the court of awarding the custody of the children to a proper person.

It appears that the proceedings in the probate court were entirely ex parte, and without any notice whatever to the surviving parent of the children.  Section 1719, Compiled Laws 1913, provides that, whenever it becomes the duty of the commissioner to appoint a guardian for a minor, the relatives of the minor shall in all cases be appointed; the nearest relative having precedence.  Undoubtedly, under this section, notice should have been given to the father of the children of the application for guardianship before the commissioner could appoint a guardian.  In other words, the commissioner should have considered his claims before appointing any guardian, and, having failed to do so, the appointment made by the probate court at Haines is of no effect, and should not be considered.

Considering the merits of the petition, I am satisfied that the prayer of the petitioner should be granted.  The testimony is that the father is a fit and proper person to have the care and custody of the children; this testimony is overwhelming, and is in no way denied.  He is the nearest relative of the chil-

dren, and the death of the mother, who was appointed guardian in the divorce decree, so changed the status of the parties that the court is warranted in revising the original decree. It is the welfare of the children which is to be considered by the court; and I am of the opinion that the welfare of the children will be best served by awarding their care and custody to the father. The grandmother of the children is in poor health, and her condition is such that I am inclined to think it would be imposing a great and almost impossible burden on her to give her the care and custody of these children.

It is therefore ordered that the care, custody, and control of the children, Richard Bruce Brown and June Roberta Brown, be awarded to their father, Bruce Brown, and that the decree of this court in cause No. 2487–A, Anna Brown v. Bruce Brown, be modified accordingly; the court, however, reserving jurisdiction to modify this order on good cause shown.